Burnett v. Austin.

HENRY BURNETT v. J. H. AUSTIN.

EJECTMENT. *Homestead. Sale by sheriff without setting apart homestead.* In an action of ejectment it is no defense to a sheriff's deed that the land was sold by the sheriff under *fi. fa.* without first laying off homestead

FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson county.    N. BAXTER, J.

EAST & FOGG for Burnett.

SMITH & ALLISON for Austin.

GARNER, Sp. J., delivered the opinion of the court.

This is an action of ejectment brought by Henry Burnett against J. H. Austin, in the Circuit Court of Davidson county, to recover possession of a tract of one hundred and sixty acres of land. Defendant plead not guilty. The case was submitted to the circuit judge without the intervention of a jury, upon an agreed state of facts. There was judgment for the defendant. The plaintiff's motion for a new trial being overruled, he appeals.

At the present term of this court the death of the defendant was suggested and proven, and the case revived against his widow and heirs at law.

The facts are: The plaintiff held a note on Ira Burnett for $141.22, due September 12, 1860, which

he placed in the hands of N. C. Austin, a constable of Davidson county, for collection. Judgment was rendered on said note by a justice of the peace, October 14, 1865. *Fi. fa.* issued thereon and came to the hands of said constable. On the 28th of June, 1869, a judgment, by motion, was rendered by a justice of the peace in favor of the plaintiff and against said constable and the sureties on his official bond, viz, the defendant and W. G. Moore, for $235.40 and costs, for failure to collect said claim; and, on appeal, the same was affirmed in the Davidson Circuit Court June 21, 1870, and by this court February 17, 1873, for $333.00 debt, and $49.70 costs.

*Fi. fa.* issued thereon, and was levied on the land sued for in this action, and the same was sold by the sheriff May 24, 1873, to the plaintiff in the execution for the price of $406.49—he satisfying his execution, and paying to the sheriff the sum of $63.07, costs and commissions.

On the 4th of December, 1875, the purchaser took the sheriff's deed for said land, and brought this action to recover possession thereof, and relies on said deed as evidence of his title.

The defendant in this case, who was the defendant in the execution, was in possession of said land at the time of the levy and sale, and was living on it. He had no other land. No homestead therein was laid off to him by the sheriff.

If the homestead right existed, then, as said by Judge Freeman, in *Gray* v. *Baird*, 4 Lea, 212, the mere fact that the officer, in selling the land, failed to as-

sign the homestead, does not deprive the debtor of the right, nor vest a greater right, than the officer could sell, in the purchaser.

It is urged in argument, that section 2116 a of the Code of Tennessee, directing the sheriff, with the aid of three freeholders, to set apart the homestead to the defendant in the execution who is the head of a family, is unconstitutional.

But this question is not before us. For, as we have heretofore seen, no homestead was assigned by the sheriff to the defendant in the execution, being the defendant in this case.

In *Arnold* v. *Jones*, 9 Lea, 545, Judge Freeman delivering the opinion of the court, holds that the circuit court may assign homestead in an action of ejectment, and though it is more regular to lay off homestead before giving plaintiff final judgment for the residue, this court will not reverse because the circuit judge gave plaintiff judgment for the land, excepting homestead, which was subsequently assigned.

But from the case, as presented in the record, it does not satisfactorily appear whether or not the homestead right exists in this case, and if it exists, whether to the extent of a $1,000 or a $500 homestead.

Under section 3042 of the Code, where the defendant is in actual possession and occupation of the land levied on, the officer having the execution is required, at least twenty days previous to the sale, to serve the defendant with written notice, stating that the execution is levied on said land, and mentioning the time and place of sale; and sales made without said otice, are void.

The recital of the fact of service of notice in the return, or in the sheriff's deed, is *prima facie* evidence that the notice was given, but subject to rebuttal by proof, notwithstanding the rule that parol evidence is not admissible to contradict a deed: *Rogers* v. *Jennings' Lessee*, 3 Yer., 308; 7 Yer., 428, and cases since decided. But the sheriff's return does not appear in the record, and his deed, and the proof, is silent as to the fact of service of the required notice. But it is a familiar principle, that every sworn officer is *presumed* to have done his duty: *Rogers* v. *Jennings Lessee*, 3 Yer., 308, and an unbroken line of decisions since.

And the plaintiff, presenting the sheriff's deed, with the aid of this presumption, made out a *prima facie* case in his favor, and it was error in his Honor, the circuit judge, to give judgment for the defendant.

The judgment will be reversed, with costs, and the case remanded to the circuit court of Davidson county, where a new trial thereof will be had.